United States Court of Appeals,

Fifth Circuit.

No. 96-30009.

UNITED STATES of America, Plaintiff-Appellee,

v.

Byron STILL, Defendant-Appellant.

Dec. 10, 1996.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before POLITZ, Chief Judge, and EMILIO M. GARZA and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Byron Still pleaded guilty to six counts in a second superseding indictment. Still appeals his guilty pleas to counts one and two on the ground that the district court failed to advise him of the correct mandatory minimum sentence applicable to count one. He also appeals the district court's denial of his motion to withdraw his guilty plea to count three. We affirm in part and vacate in part, remanding to enable Still to replead to count one.

I

Jose Bartolo Menjivar arranged for Jorge Salgado III and a Drug Enforcement Administration ("DEA") cooperating individual ("CI") to transport four kilograms of cocaine from Houston, Texas to a buyer in New Orleans, Louisiana. The CI notified the DEA of the transaction. Upon their arrival at a Days Inn Motel in New Orleans, Salgado and the CI arranged for Byron Still to purchase the cocaine at the motel. DEA agents observed Still's arrival at the motel where he gave Salgado $20,000 in exchange for the cocaine. DEA agents then followed Still to his home.

The agents searched Still's residence pursuant to a search warrant and arrested him after discovering four kilograms of cocaine in the residence. The agents also discovered a nine millimeter firearm under the front seat of the automobile Still had driven to the exchange with Salgado.

The government charged Still with one count of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846, a second count of possession of cocaine with intent to

distribute in violation of 21 U.S.C. § 841(a)(1), a third count of using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), and three money laundering offenses under 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(2).  Still's wife, Janice Taylor Still, was charged as a co-defendant under counts one and two.

Still pleaded not guilty to the initial indictment, and not guilty to a superseding indictment that added Menjivar and Salgado as defendants under counts one and two.  Still also pleaded not guilty to a second superseding indictment that dropped count two as to Janice Still.  Ultimately, however, Still changed his mind and pleaded guilty to all counts of the second superseding indictment.

At the rearraignment hearing, the district court informed Still that he faced a maximum sentence of forty years in custody and a mandatory minimum sentence of five years in custody as to counts one and two based on the four kilograms of cocaine seized at Still's residence.  The court also informed Still of the maximum penalties for counts three, four, five and six.  During the plea colloquy, the court asked Still whether the sentencing guidelines applicable to his case had been explained to him;  Still responded "[n]ot clearly."  Because no probation officer was present, Still's attorney and the prosecutor explained to Still during a recess in the hearing that he likely faced a sentencing range of 70 to 87 months.[1]  This range presupposed a drug quantity of four kilograms with an adjustment for acceptance of responsibility.  Following the recess, Still entered a guilty plea to each count of the indictment.[2]

The district court held sentencing hearings on December 6, 7, 13, and 21, 1995.  At the December 6 hearing, the court found that Still had dealt in "at least five kilograms of cocaine," based upon the four kilograms seized at Still's residence at the time of his arrest and upon relevant conduct

[1]The record is unclear regarding whether Still's attorney and the prosecutor represented to Still that he faced a range of 70-87 months on counts one, two, four, five and six, in addition to the consecutive sixty month sentence on count three, or whether they failed to mention the sixty month sentence to Still.  The record is clear, however, that the district court informed Still that he faced a consecutive sixty month sentence on count three.

[2]At the close of the rearraignment hearing the government moved to dismiss the indictment against Janice Still;  the district court granted the motion.  Although no plea agreement was entered in this case and the government denied that one existed, Still stated at the plea hearing that the government's dismissal of the indictment against his wife influenced his decision to plead guilty.

separate from the charged offenses.[3]  The district court's finding that Still had dealt in at least five

kilograms of cocaine triggered a mandatory minimum sentence of ten years as to count one, rather

than the five year mandatory minimum of which Still had been informed at the rearraignment hearing.

Because the district court's quantity finding differed from the amount of cocaine upon which the

Probation Officer had based her sentencing report, the district court continued the sentencing hearing

to December 7 to permit the Probation Officer to recompute Still's sentencing range.[4]

On December 7, however, the court again rescheduled the sentencing hearing to permit the

parties to analyze the effect, if any, of the Supreme Court's December 6 decision in *Bailey v. United*

*States,* --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), on Still's guilty plea to count three.  At

the December 13 hearing, Still moved to withdraw his guilty plea to that count.  The district court

again continued the sentencing to allow the parties to submit briefs regarding *Bailey*'s effect on Still's

guilty plea to count three.  At the final sentencing hearing on December 21, the court denied Still's

motion to withdraw his plea to count three and imposed sentence.  The court grouped the drug

counts with the money laundering counts pursuant to § 3D1.2 of the Guidelines,[5] and sentenced Still

---

[3]*See* United States Sentencing Commission, *Guidelines Manual,* § 1B1.3(a)(1) (Nov. 1994) [hereinafter USSG] (describing relevant conduct that determines Guidelines sentencing range); *see also* USSG § 1B1.3, comment. (n.2) ("With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved....").

[4]The Probation Officer had computed Still's sentencing range based upon 110 kilograms of cocaine.  The Probation Officer derived this amount from the four kilograms seized at Still's residence at the time of his arrest and from relevant conduct revealed by Still's alleged statements at the time of his arrest that he had dealt in two kilograms of cocaine every other week for the 24 months preceding his arrest.  At the December 6 hearing, Still denied making these statements, although he admitted that he dealt in a total of five kilograms of cocaine prior to his arrest.

[5]As noted, in determining Still's sentencing range, the district court may have erroneously adopted the Probation Officer's grouping of counts one and two with counts four, five and six as directed by § 3D1.2 of the Guidelines.  The Probation Officer recognized that our decision in *United States v. Gallo,* 927 F.2d 815, 824 (5th Cir.1991), suggests that drug distribution activity and money laundering activity invade distinct societal interests and thus should not be grouped under § 3D1.2, yet grouped these counts pursuant to § 3D1.2.

This apparent conflict had no effect in this case, however.  Section 3D1.4(c) of the Guidelines directs the sentencing court to "[d]isregard any Group that is 9 or more levels less serious than the Group with the highest offense level," as counts four, five and six were here.  Thus, the total offense level here remained the same whether counts four, five and six were grouped with counts one and two.

to concurrent terms of imprisonment of 121 months on counts one, two, four, five and six and to a consecutive term of imprisonment of sixty months on count three.[6] Still appeals.

## II

Still challenges his guilty pleas to counts one and two of the second superseding indictment,[7] arguing that the district court's failure to inform him of the proper mandatory minimum sentence applicable to count one violated FED.R.CRIM. P. 11.[8] When an appellant claims that a district court has failed to comply with Rule 11,[9] we "conduct a straightforward, two-question "harmless error'

[6]The court also ordered Still to pay an $8,000 fine and a $300 special assessment, and sentenced Still to a five-year term of supervised release for count one, a four-year term of supervised release for count two, and to three-year terms of supervised release for counts three through six, all to run concurrently.

[7]In his reply, Still asserts that the district court's alleged Rule 11 error mandates vacatur of his pleas to all six counts of the indictment. *See* Reply at 2, 4. However, "[a]n appellant abandons all issues not raised and argued in its *initial* brief on appeal." *Cinel v. Connick,* 15 F.3d 1338, 1345 (5th Cir.) (emphasis in original), *cert. denied,* --- U.S. ----, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994). Thus, we consider only Still's argument that the district court's failure to inform him of the proper mandatory minimum sentence applicable to count one requires vacatur of his guilty pleas to counts one and two.

[8]Rule 11 provides, in pertinent part:

> (c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> > (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense....

FED.R.CRIM.P. 11(c)(1).

[9]Although Still did not explicitly raise his Rule 11 argument in the district court and acknowledged at oral argument that the Rule 11 error was not recognized until after his pleas and sentencing, Still's attorney did bring the general issue of Still's understanding of the consequences of his pleas to the district court's attention at the December 21 sentencing hearing. In any event, a claim of non-compliance with Rule 11 will not be deemed waived even if a party fails to present it in the district court. *United States v. Coronado,* 554 F.2d 166, 170 n. 5 (5th Cir.) ("[C]laims of noncompliance with rule 11 must be resolved solely on the basis of the rule 11 transcript.... We can therefore adjudicate rule 11 challenges on direct appeal without an initial presentation of the particular arguments to the district court."), *cert. denied,* 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977).

analysis: (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?" *United States v. Johnson,* 1 F.3d 296, 298 (5th Cir.1993) (en banc).

A

Still argues, and the government concedes, that the district court's failure to inform Still of the correct mandatory minimum sentence applicable to count one mandates vacatur of Still's plea to that charge. We agree.

The district court informed Still that he was subject to a mandatory minimum sentence of five years in custody for counts one and two. However, at the time of the Rule 11 colloquy, the quantity of cocaine for which Still would be held responsible had not yet been determined. When the district court determined at the December 6 sentencing hearing that Still would be held responsible for "at least five kilograms" of cocaine, the mandatory minimum sentence applicable to count one became ten years rather than five pursuant to 21 U.S.C. § 841(b).

Applying our *Johnson* standard, we conclude that the district court varied from the procedures required by Rule 11 when it failed to inform Still of the mandatory minimum sentence to which he could be subject under count one. This error certainly misled Still as to the statutory minimum and "thereby amounted to a complete failure to address the plea-consequences concern of Rule 11." *United States v. Watch,* 7 F.3d 422, 429 (5th Cir.1993). Moreover, Still's rights were substantially affected by the erroneous information regarding the mandatory minimum sentence applicable to count one. *See id.* (holding that "because the district court failed to inform Watch of the minimum sentence which might be imposed, Watch did not fully understand the consequences of his plea, and his rights were therefore substantially affected"). As a result, Still's plea to count one must be vacated and the case remanded to enable Still to plead to this count again. *See id.* (vacating and remanding to permit defendant to plead anew).

B

Still also argues that the district court's failure to inform him of the proper mandatory minimum sentence applicable to count one mandates vacatur of his guilty plea to count two. He

contends that the district court's misstatement regarding the mandatory minimum sentence applicable to count one infected his plea to count two because "the mandatory minimum sentence [he] faced clearly was a material factor that affected his decision to plead guilty" because he pleaded guilty "with the understanding that he faced a range of 70 to 87 months under the Sentencing Guidelines."[10]

In response, the government maintains that Still's convictions are individual and that each count of the indictment is "independent and divisible." The government contends that Still's conviction on count two should be affirmed because Still received correct information regarding the penalties applicable to count two and thus no Rule 11 error occurred with respect to that count.

To analyze Still's claim, we first address the initial prong of our harmless error test, i.e., whether the district court varied from the procedures required by Rule 11. As noted, Rule 11 directs the district court to inform the defendant of, and determine that the defendant understands, "the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law...." FED.R.CRIM.P. 11(c). Rule 11(c) by its terms does not contemplate overlap of the counts, but rather speaks in terms of individual "charge[s] to which plea[s] [are] offered." Thus, a plain reading of Rule 11 requires the district court to inform the defendant of the nature of the charge to which the defendant is pleading, any mandatory minimum penalty, and the maximum possible penalty applicable to each count to which the defendant is pleading guilty.

In this case, the district court complied with the Rule 11 procedures with respect to count two when it informed Still of the correct maximum and mandatory minimum sentences applicable to that count. Thus, applying the two-part standard of review to the individual charges to which Still pleaded, we conclude that the facts of this case do not satisfy the threshold inquiry because the district court did not vary from the procedures required by Rule 11 with respect to count two. *See Johnson,* 1 F.3d at 302 (explaining that we do not reach an analysis of whether sentencing court's variance from procedures required by Rule 11 affected substantial rights of defendant until we find

---

[10]We note that Still's argument is inaccurate to the extent it equates counsel's statements regarding a possible sentencing range with the district court's responsibilities under Rule 11.

that sentencing court actually varied from mandated procedures).

### III

Still also appeals the district court's denial of his motion pursuant to FED.R.CRIM. P. 32(e) to withdraw his guilty plea to count three. A motion to withdraw a guilty plea is committed to the discretion of the district court and its decision will not be disturbed absent an abuse of discretion. *United States v. Benavides,* 793 F.2d 612, 616 (5th Cir.), *cert. denied,* 479 U.S. 868, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986).

Upon a showing of a "fair and just reason," a district court may permit a defendant to withdraw a guilty plea at any time before sentencing.[11] FED.R.CRIM. P. 32(e); *Benavides,* 793 F.2d at 616. Though Rule 32 is to be construed and applied liberally, there is no absolute right to withdraw a guilty plea. *Benavides,* 793 F.2d at 616. In ruling on the motion, the district court considers: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing the motion, and, if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *United States v. Hurtado,* 846 F.2d 995, 997 (5th Cir.), *cert. denied,* 488 U.S. 863, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988).

However, no single factor or combination of factors mandates a particular result. *United States v. Badger,* 925 F.2d 101, 104 (5th Cir.1991). Instead, the district court should make its determination based on the totality of the circumstances. *Id.* The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant. *Id.; Hurtado,* 846 F.2d at 997.

---

[11]Rule 32(e) provides in relevant part:

> If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason.

FED.R.CRIM.P. 32(e).

Here, Still argues that the Supreme Court's opinion in *Bailey v. United States,* --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), issued between the time of Still's plea and his sentencing, rendered his plea unknowing and involuntary because *Bailey* changed the law regarding the "use" prong of § 924(c)(1).[12] Reasoning that "Congress used two terms ["use" and "carry"] because it intended each term to have a particular, nonsuperfluous meaning," *id.* at ----, 116 S.Ct. at 507, the Supreme Court held in *Bailey* that a conviction under the "use" prong of 18 U.S.C. § 924(c)(1) requires evidence sufficient to show an active employment of a firearm by the defendant. *Id.* at ----, 116 S.Ct. at 505.

*Bailey* does not, however, address the "carry" prong of § 924(c)(1). *See United States v. Cox,* 83 F.3d 336, 342 (10th Cir.1996) ("*Bailey* addresses the requirements for using a firearm; whereas defendant was charged with and convicted of carrying firearms.... *Bailey,* therefore, does not apply to this case."). Thus, our prior precedents analyzing that prong are unaffected by the *Bailey* holding. *See United States v. Rivas,* 85 F.3d 193, 195 (5th Cir.1996) ("As recognized by the Eleventh Circuit, because *Bailey* did not address the "carrying' requirement, prior precedent analyzing that prong was "not affected.' ") (quoting *United States v. Farris,* 77 F.3d 391, 395 n. 4 (11th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 241, --- L.Ed.2d ---- (1996)), *petition for cert. filed,* 65 U.S.L.W. 3415 (U.S. Nov. 5, 1996) (No. 96-6558).

In this case, Still pleaded guilty to a conjunctive charge of "us[ing] *and* carry[ing] a firearm ... during and in relation to the commission of a drug trafficking crime." A disjunctive statute may be pleaded conjunctively and proven disjunctively. *United States v. Johnson,* 87 F.3d 133, 136 n. 2 (5th Cir.1996); *see also United States v. Ruiz,* 986 F.2d 905, 911 (5th Cir.), *cert. denied,* 510 U.S. 848, 114 S.Ct. 145, 126 L.Ed.2d 107 (1993). In other words, despite having charged Still with

---

[12]Section 924(c)(1) provides in pertinent part:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, *uses or carries* a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....

18 U.S.C. § 924(c)(1) (West Supp.1996) (emphasis added).

"using *and* carrying" a firearm during and in relation to a drug trafficking crime, the government had only to prove that Still "used *or* carried" a firearm to convict Still of count three. When Still pleaded guilty to count three, he admitted both to using and to carrying a firearm during and in relation to a drug trafficking crime. Thus, though Still now contends that *Bailey* would have affected his willingness to plead guilty to "using" a firearm, he cannot persuasively argue that *Bailey* would have affected his willingness to plead guilty to "carrying" a firearm because *Bailey* does not address the "carry" prong of § 924(c)(1). As a result, the district court did not abuse its discretion in finding that Still's plea to count three was voluntary and knowing.[13]

Still also contends that the other *Hurtado* factors support his request to withdraw his plea. Cognizant that no single factor or combination of factors mandates a particular result, and that Still bears the burden of establishing a fair and just reason for withdrawal of his plea, *Badger,* 925 F.2d at 104, we find that the remaining factors do not demonstrate that the district court abused its discretion in denying Still's motion to withdraw his plea.

First, though Still contends that he asserted his innocence to the gun charge at the December 6 sentencing hearing, the record does not support Still's characterization of his discussion with the court. Still told the district court that he believed that rather than receiving a consecutive sixty month sentence on the gun charge, he should receive a two-point increase for use of the gun. At the two subsequent sentencing hearings, Still's attorney argued that Still "had some reservations about the gun charge. He did not feel as if the gun charge applied to him...." He also argued that Still "never felt that the gun charge applied to the facts and circumstances of his particular case." We are not convinced that these statements by Still and his attorney rise to the level of an assertion of innocence

---

[13]Still argues that *United States v. Presley,* 478 F.2d 163 (5th Cir.1973), mandates reversal of the district court's denial of his motion to withdraw his plea. In *Presley,* we held that appellants whose pleas of nolo contendere to charges of violations of the Travel Act, 18 U.S.C. § 1952, were called into question by a Supreme Court decision issued between entry of their pleas and their sentencings "should have been permitted to withdraw their pleas of nolo contendere and to go to trial before a jury on pleas of not guilty." *Id.* at 168.

> *Presley* is not analogous to the present case, however. *Bailey* does not bear on Still's plea to carrying a firearm during and in relation to a drug trafficking crime because *Bailey* does not address that crime; *Bailey* affects only Still's plea to using a firearm. *See supra* at 1079-80.

to the charge.

Furthermore, at the rearraignment hearing Still agreed with the government's statement of the evidence against him, which included the statement that "Still had a nine millimeter pistol with him in the car during the transportation of the cocaine." DEA agents discovered the weapon under the front seat of the automobile Still had driven to and from the drug transaction. In addition, DEA Special Agent Charles Stevens testified that Still told him that the firearm was in Still's possession while Still drove the vehicle to and from the exchange.

We have held that the "carry" prong of § 924(c)(1) is met "if the operator of the vehicle knowingly possesses the firearm in the vehicle during and in relation to a drug trafficking crime." *United States v. Pineda-Ortuno,* 952 F.2d 98, 104 (5th Cir.), *cert. denied,* 504 U.S. 928, 112 S.Ct. 1990, 118 L.Ed.2d 587 (1992); *see also United States v. Fike,* 82 F.3d 1315, 1328 (5th Cir.) ("In placing a gun under the driver's seat of a car, then driving the car to another location, one has carried the gun.... This, in our view, satisfies § 924(c)'s carrying requirement."), *cert. denied,* --- U.S. ----, 117 S.Ct. 241, --- L.Ed.2d ---- (1996), *and cert. denied,* --- U.S. ----, 117 S.Ct. 242, --- L.Ed.2d ---- (1996); *United States v. Speer,* 30 F.3d 605, 612 (5th Cir.) ("The "carrying' requirement of § 924(c) is met where a defendant operates a vehicle knowing the firearm is in the car."), *cert. denied,* --- U.S. ----, 115 S.Ct. 603, 130 L.Ed.2d 514 (1994), *and cert. denied,* --- U.S. ----, 115 S.Ct. 768, 130 L.Ed.2d 664 (1995). The government presented ample evidence, to which Still admitted, that he "carried" a firearm during and in relation to a drug trafficking crime in violation of § 924(c) as that provision has been interpreted by this court. In any event, a claim of innocence, by itself, does not justify withdrawal of a plea. *Hurtado,* 846 F.2d at 997.

Still next contends that the government would not be prejudiced by withdrawal of his plea. Whatever the truth of this assertion, an "absence of a showing of prejudice by the government is not sufficient to require withdrawal of the plea where "no credible reason is proffered.' " *Benavides,* 793 F.2d at 617 (quoting *United States v. Rasmussen,* 642 F.2d 165, 168 n. 6 (5th Cir.1981)). As discussed previously, Still has not proffered a credible reason for withdrawal.

Still also argues that the district court erred in denying his motion because he moved

promptly to withdraw his plea after the issuance of *Bailey,* because he had able counsel throughout his plea and sentencing hearings, and because a trial on count three would not inconvenience the district court or waste its resources. That Still moved promptly to withdraw his plea and that the district court may not be inconvenienced by a trial do not establish that the district court abused its discretion by denying Still's motion. *See Badger,* 925 F.2d at 104 (stating that even if factors of government prejudice, inconvenience to court, and waste of judicial resources weighed in Badger's favor, "they do not tip the scales to the extent necessary to find an abuse of discretion"). The fact that Still had able counsel throughout his plea and sentencing hearings weighs against withdrawal of his plea. *See id.* (finding that fact that defendant "was ably and effectively" represented by counsel throughout proceedings supported district court's refusal to permit plea withdrawal).

In sum, these factors do not demonstrate that the district court abused its discretion in denying Still's motion to withdraw his guilty plea to count three. Rather, the totality of the circumstances surrounding Still's plea demonstrates that Still did not carry his burden of establishing a fair and just reason for withdrawal of the plea.

IV

For the foregoing reasons, we VACATE Still's plea to count one and REMAND to permit Still to plead anew to that count. We AFFIRM Still's plea to count two and AFFIRM the district court's denial of his motion to withdraw his plea to count three.