IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20629

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

                        versus

GREGORY BATISTE MOSLEY,

                                    Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(H-99-CR-609-1)

_____

July 31, 2001

Before HIGGINBOTHAM and BENAVIDES, Circuit Judges, and LITTLE,[*]
District Judge.

PER CURIAM:[**]

     Defendant Gregory Batiste Mosley challenges his ten-year

sentence for his conviction of using and carrying a firearm during

and in relation to a crime of violence (bank robbery).[1]  He argues

that the use-of-a-firearm statute under which he was convicted, 18

_____

     [*] District Judge of the Western District of Louisiana, sitting by
designation.

     [**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

     [1] *See* 18 U.S.C. § 924(c)(1)(A).

U.S.C. section 924(c)(1)(A), creates three separate offenses, the elements of which must be stated in the indictment and proved to a jury. Each offense would have one distinct element: using and carrying a firearm, brandishing a firearm, or discharge of a firearm.[2]

The district court, however, treated these three factors as sentencing factors rather that elements of distinct crimes. Thus, although Mosley pleaded guilty only to using and carrying a firearm during and in relation to a bank robbery, the district judge sentenced him after finding that a firearm was discharged during the course of the bank robbery. The finding that a firearm was discharged raised Mosley's sentence from five years—the minimum statutory sentence for using or carrying a firearm—to ten years—the minimum statutory sentence for discharge of a firearm.[3] Before pleading guilty, however, Mosley had been informed by the district court that the statutory minimum sentence was five years.

We must reject Mosley's challenge to the district court's treatment of discharge of a firearm as a sentencing factor. This circuit has recently joined our sister circuits in holding that brandishing a firearm and discharging a firearm are sentencing

---

[2] *See* 18 U.S.C. § 924(c)(1)(A)(I)-(iii).

[3] *See* 18 U.S.C. § 924(c)(1)(A). The Sentencing Guidelines require that the defendant be given the minimum statutory sentence when convicted under section 924(c)(1)(A). *See* U.S.S.G. 2K2.4(a)(2) (2000).

factors rather than elements.[4]  Thus, the district court did not err in sentencing Mosley to a ten-year sentence on his firearm count.

We agree with Mosley, however, that the district court erred in conducting the plea colloquy by failing to inform Mosley of the correct statutory minimum sentence.[5]  The government does not contest Mosley's claim that the error requires vacatur of the guilty plea.

We VACATE Mosley's plea of guilty to using and carrying a firearm during and in relation to a crime of violence and REMAND this case to the district court.

---

[4]  *See United States v. Barton*, 2001 WL 765829, *6-8 (5th Cir. July 9, 2001).

[5] *See United States v. Still*, 102 F.3d 118, 122 (5th Cir. 1996).

3