**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  06a0596n.06**
**Filed:  August 18, 2006**

**No. 05-5206**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| **MARQUINO R. COLLINS,** | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant.* | ) | |

**BEFORE:**     **BOGGS, Chief Judge and COLE, Circuit Judges; WISEMAN, District Judge.**[*]

**R. GUY COLE, JR., Circuit Judge.**  Defendant-Appellant Marquino Collins appeals a jury

conviction finding him guilty of being a felon in possession of a firearm, in violation of 18 U.S.C.

§ 922(g)(1), and the district court's imposition of a sixty-three month sentence.  Collins argues that:

(1) the lack of African-American jurors on his jury constituted a violation of *Batson v. Kentucky*,

476 U.S. 79 (1986); (2) there was insufficient evidence that he constructively possessed the firearm;

(3) § 922(g)(1) cannot be constitutionally applied to his conduct; and (4) the district court erred in

refusing to reduce his offense level for acceptance of responsibility.  For the following reasons, we

**AFFIRM** Collins's conviction and sentence.

---

[*]The Honorable Thomas A. Wiseman, Jr., Senior United States District Judge for the Middle
District of Tennessee.

**I.**

On the morning of July 7, 2004, Michael Cole, a Lexington police officer, responded to a radio dispatch requesting an officer in the Arbor Grove area of Lexington, Kentucky. After turning onto Arbor Grove Place in his marked patrol car, Officer Cole observed two males on the right side of the street approximately 100 yards away. Cole observed that the two men, one of whom was on a bicycle, were talking to one another and looking down at their hands. Cole later testified that the men's conduct was consistent with a narcotics transaction. As Cole proceeded down Arbor Grove Place, the two men looked up and seemed to notice him, and thereupon separated from one another. The man on the bicycle rode in Cole's direction, while the other man walked toward a van in a nearby lot.

Officer Cole continued to drive down the street, and noticed that the man who had walked toward the van "squat[ted] down" next to the driver's side. Cole proceeded past the man and entered the parking lot from another entrance. As Cole moved toward the man from the second entrance, the man stood up and began walking away from the van. Cole, believing that the man had abandoned narcotics next to the van, drove past the van and then came back around it, in a "horseshoe" movement. Cole then parked his cruiser behind the van.

As Officer Cole exited his patrol car, he noticed a black object on the ground next to the van. As he approached the van, it became clear to Cole that the object was a pistol, and that it was under the front tire of the van. Cole picked up the pistol and placed it in his cruiser, and then notified dispatch by his car radio that he was pursuing a suspect who had abandoned a weapon. Cole later testified that as he began walking away from his cruiser to attempt to find the suspect, the man

reappeared from between two nearby apartment buildings. Cole testified that there was no one else in the area of the parking lot. Cole identified the suspect in court as Marquino Collins.

Officer Thomas Johnston arrived on the scene and assisted Officer Cole in taking Collins into custody. When asked if he owned the weapon, Collins gave an ambiguous answer. Johnston thereupon transported Collins to the police station. Johnston testified that once at the station, he took Collins's statement, which recited that Collins was approached by an unknown male who was trying to sell a handgun. Collins stated that he took possession of the handgun only to look at it, and that when he saw Cole approaching, he tried to conceal the gun. No fingerprints were recovered from the firearm.

On September 2, 2004, an indictment was issued that charged Collins with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Voir dire of fifty-one prospective jurors took place on November 8, 2004. Defense counsel successfully moved to exclude one juror for cause, based on the fact that her son was incarcerated, and her statement that it would be "very difficult" to sit in judgment of another young man. The district court granted the prosecutor's unchallenged motion to dismiss another juror for cause, based on the juror's statement that his nephew was treated unfairly in a federal prosecution. No other jurors were challenged or stricken for cause. From the remaining jurors, thirty-two jurors were randomly selected, from which a jury of twelve and two alternates were selected. The one black juror in the pool was not stricken by either side, and was not part of the randomly selected group.

The jury found Collins guilty of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] Collins was sentenced to a term of sixty-three months' imprisonment. This timely appeal follows.

## II.

### A. *Batson*

Collins argues that African-American jurors were impermissibly stricken from the jury by the prosecution on the basis of race, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). As an initial matter, the Government correctly argues that Collins did not raise his *Batson* challenge before the district court, and thus we may not consider it for the first time on appeal. In order for a criminal defendant to make out a prima facie case of racial discrimination, he must demonstrate that: (1) he is a member of a cognizable racial group; and (2) the prosecutor exercised peremptory challenges to remove from the venire members of the defendant's race. *Batson*, 476 U.S. at 96. If the defendant establishes a prima facie case, the prosecutor must proffer a race-neutral explanation for the challenges. The district court then must determine whether the defendant has proved purposeful racial discrimination. *See United States v. Forrest*, 402 F.3d 678, 687 (6th Cir. 2005). As with discrimination claims generally, a defendant challenging a prosecutor's challenges bears the ultimate burden of persuasion. *Id*. (citing *McCurdy v. Montgomery County, Ohio*, 240 F.3d 512, 521 (6th Cir. 2001)).

---

[1] The parties stipulated that Collins had been convicted of a crime punishable by a term of imprisonment exceeding one year.

The record indicates that there was one African-American juror in the prospective juror pool, and that although she was not stricken by either side, she was not a member of the twelve-person jury, nor was she an alternate. The transcript of the voir dire does not indicate the race or ethnicity of any other prospective juror, nor does Collins provide any such evidence. Based on this record, Collins concedes that "there is no way to ascertain whether or not there has been a *Batson* violation, or whether or not the jury pool was comprised of an accurate representation of the racial makeup of the community." Because Collins, admittedly, cannot make out a prima facie case of a *Batson* violation, his claim for relief on this ground fails.[2]

**B. Sufficiency of the Evidence**

Next, Collins argues that there was insufficient evidence for a guilty verdict on constructive possession of a firearm. When reviewing an appeal from a jury verdict, we must take the evidence in the light most favorable to the prosecution. *United States v. Charles*, 138 F.3d 257, 265 (6th Cir. 1998). If, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *United States v. Kelly*, 204 F.3d 652, 656 (6th Cir. 2000) (emphasis in original) (quotations omitted), we must affirm the conviction.

A defendant may be convicted of violating 18 U.S.C. § 922(g)(1) under either a theory of actual possession or constructive possession. *United States v. Coffee*, 434 F.3d 887, 896 (6th Cir.

---

[2]The Government argues that Collins has waived his *Batson* challenge because he failed to raise the issue before the district court. We need not consider whether Collins has waived this claim, however, because the record is devoid of any basis for a *Batson* claim. *See United States v. Copeland*, 321 F.3d 582, 600 n.4 (6th Cir. 2003).

2006) (quotation omitted).  Constructive possession "exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir.1998) (internal quotation marks and citations omitted), *cert. denied*, 525 U.S. 1166 (1999).  Constructive possession may be proved by circumstantial evidence, and does not require such evidence as to "remove every reasonable hypothesis except that of guilt." *Coffee*, 434 F.3d at 896.  "However, presence where a firearm was found, without more, is insufficient to establish 'knowledge, power, or intention to exercise control' over the firearm." *Coffee*, 434 F.3d at 896 (quoting *United States v. Birmley*, 529 F.2d 103, 107-08 (6th Cir. 1976)).

Collins argues that because the Government presented no evidence of fingerprints, no discussion of the owner of the van, and no investigation as to the person on the bicycle, the Government failed to adduce sufficient evidence to convict him of constructive possession of the firearm.  The Government was not required to disprove every alternative theory, however.  In this case, Officer Cole saw Collins conversing with another male, during which they appeared to be engaged in a narcotics transaction.  He saw Collins walk towards a van, and then squat down by the driver's side, where Cole soon recovered a pistol.  He testified that there was no one else in the area of the parking lot.  He also testified that Collins was wearing easily identifiable clothing, in the form of a dark jersey displaying a number.  *See United States v. Whitehead*, 415 F.3d 583, 588 (6th Cir. 2005) (holding that there was sufficient evidence of constructive possession when defendant was the only person in a dilapidated house with the firearm even though no officer saw him with the firearm); *United States v. Schreane*, 331 F.3d 548, 560-61 (6th Cir. 2003) (holding that there was

sufficient evidence to convict passenger-defendant of constructive possession where the gun was found in the grass next to driver's side of the vehicle, there were no fingerprints on the gun, and another person had been sitting in the driver's seat).

As we have held before, there may be sufficient evidence to convict a defendant for constructive possession even if no one sees the defendant handle the gun and if the gun has no fingerprints. *See Whitehead*, 415 F.3d at 588; *Schreane*, 331 F.3d at 560-61. Because, construing all evidence in favor of the Government, a reasonable jury could have concluded that Collins did constructively possess the firearm, we affirm Collins's conviction.

## C. Commerce Clause

Collins next argues that 18. U.S.C. § 922(g)(1) cannot be constitutionally applied in this case, because the conduct for which he was convicted was not sufficiently related to interstate commerce. Collins does not challenge the statute on its face, but rather argues that given the local and minor nature of his conduct, Congress does not have the authority to regulate it.

The Government argues that Collins has waived his right to challenge the constitutionality of his conviction because he did not raise the issue before the district court, and because he has not demonstrated that "exceptional circumstances" warrant our review. "It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below." *Pinney Dock & Transp. Co. v. Penn Central Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)), *cert. denied*, 488 U.S. 880 (1988). We have discretion, however, to address issues not raised in the district court in exceptional cases or where particular circumstances warrant such review, or when declining to do so would create a plain miscarriage of justice. *Id.* (quoting

*Hormel v. Helvering*, 312 U.S. 552, 557 (1941)). *See also United States v. Henry*, 429 F.3d 603, 620 (6th Cir. 2005) (holding that exceptional circumstances warranted review of defendant's claim that Congress did not have authority under the Commerce Clause to criminalize his possession of a firearm).

Collins argues that failure to review his claim would result in a plain miscarriage of justice. We have held that a conviction under § 922(g)(1) comports with the Commerce Clause as long as the defendant "possessed a gun that previously had moved in interstate commerce." *Henry*, 429 F.3d at 619 (quoting *United States v. Chesney*, 86 F.3d 564, 572 (6th Cir. 1996)). Consistent with every court to address the issue, we reaffirmed in *Henry* that "the Commerce Clause requires no proof other than that the firearm or ammunition traveled in interstate commerce." *Id.* at 620. Thus, to the extent Collins argues that the local nature of his conduct insulates him from the scope of Congressional regulation, his claim is without merit, and our refusal to address it for the first time on appeal will not result in a plain miscarriage of justice.

Finally, although there is no evidence that the firearm actually did travel through interstate commerce, nor does the Government so allege, Collins fails to dispute that the gun or any of its parts traveled through interstate commerce. The Government is correct to argue that Collins has waived a challenge to his conviction based on the absence of evidence that the firearm traveled through interstate commerce. *See United States v. Newsom*, 452 F.3d 593, 607 (6th Cir. 2006) (citing *United States v. Still*, 102 F.3d 118, 122 n. 7 (5th Cir.1996) ("[A]n appellant abandons all issues not raised and argued in its initial brief on appeal.") (citation and quotation marks omitted)). For that reason, Collins's Commerce Clause challenge fails.

**D. Sentencing**

Finally, Collins argues that the district court erred in refusing to decrease his offense level by two points for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. We review a district court's refusal to assess an acceptance of responsibility reduction deferentially. *United States v. Brown*, 367 F.3d 549, 556 (6th Cir. 2004) (citing *United States v. Webb*, 335 F.3d 354, 357 (6th Cir. 2003)).

Collins does not contest that his base offense level is twenty, as established by U.S.S.G. § 2K2.1(a)(4)(A). The presentence investigation report (PSR) recommended that no adjustments be made to that offense level. Furthermore, Collins does not challenge the PSR's evaluation placing him in criminal history category V; Collins's base criminal history points were computed to be eight, but he received an additional two points because the instant offense was committed less than two years following his release from custody. Based on his criminal history category and his offense level, the PSR recommended a sentencing range of between sixty-three and seventy-eight months. U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

Collins's only objection to the calculation of his sentence is based on the district court's refusal to reduce his offense level by two based on acceptance of responsibility. After trial, defense counsel proffered that Collins admitted to his probation officer that he had momentarily possessed the firearm. Based on that admission, defense counsel requested a two-point reduction of Collins's offense level. The district court rejected Collins's argument, and after reviewing the factors set forth in 18 U.S.C. § 3553(a) and treating the Sentencing Guidelines as advisory, sentenced Collins to sixty-three months' imprisonment.

Collins argues that he is entitled to the two-point reduction of his offense level because he did not testify during his trial nor deny his guilt. He also cites the application notes to U.S.S.G. § 3E1.1, which state that "[c]onviction by trial . . . does not automatically preclude a defendant from consideration for [an acceptance of responsibility] reduction." Contrary to Collins's argument, that commentary limits the availability of the acceptance of responsibility reduction to those defendants who do not challenge their factual guilt, e.g., by going to trial to preserve a procedural issue, and explicitly indicates that courts are to consider a defendant's pre-trial conduct when determining whether a defendant has accepted responsibility. Here, the district court declined to award Collins a reduction because he went to trial, raised issues at trial that related to his factual guilt, and "accepted responsibility" only after he was convicted.

Because the district court did not err in declining to reduce Collins's sentence for acceptance of responsibility pursuant to § 3E1.1, we affirm the district court's order imposing a sentence of sixty-three months' imprisonment.

**III.**

For the foregoing reasons, we **AFFIRM** Collins's conviction and sentence.