**UNITED STATES of America**

v.

**Virginia GRIEGO–PULIDO, Defendant.**

**No. EP–07–CR–896–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

Aug. 13, 2007.

Marina Chavez, Attorney at Law, El Paso, TX, for Defendant.

---

*MEMORANDUM OPINION REGARDING DEFENDANT'S OBJECTION TO SIXTEEN–LEVEL INCREASE FOR PRIOR CONVICTION*

MARTINEZ, District Judge.

On this day, the Court considered Defendant Virginia Griego–Pulido's objection to the Presentence Investigation Report's ("PSR") recommendation of a sixteen-level upward adjustment for her prior conviction for assault of a federal officer. The PSR characterizes Defendant's prior conviction as a "crime of violence," qualifying her for a sixteen-level upward adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). After considering the parties' briefing and the oral arguments presented to the Court at the sentencing hearing on July 31, 2007, the Court orally granted Defendant's objection. The Court writes now to explain more fully the reasons for its ruling.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2007, Defendant was charged in a single-count indictment with illegal re-entry into the United States in violation of 8 U.S.C. § 1326. On the same day, the Government filed a notice of intent to seek an increased statutory penalty, pursuant to 8 U.S.C. § 1326(b)(2). On May 24, 2007, Defendant pled guilty to the indictment.

The PSR assigned Defendant a base offense level of eight, pursuant to § 2L1.2(a). The PSR also recommended a sixteen-level upward adjustment, pursuant to § 2L1.2(b)(1)(A)(ii), on the grounds that Defendant had been convicted of the offense of assault of a federal officer prior to her previous removal from the United States. Defendant previously pled guilty to the offense of assault of a federal officer in 1998 and was removed from the United States in 2002. Defendant objected to the recommended increase on the grounds that her prior conviction did not constitute a crime of violence.

## II. DISCUSSION

§ 2L1.2(b)(1)(A)(ii) instructs the Court to apply a sixteen-level increase to the base offense level of a defendant who was previously deported after a felony conviction for a crime of violence. U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(ii) (2007). The Guidelines define a crime of violence as:

> any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

*Id.* § 2L1.2 cmt. n. 1(B)(iii). The Government concedes that Defendant's conviction does not constitute the enumerated offense of aggravated assault pursuant to *United States v. Fierro–Reyna,* 466 F.3d 324, 326–27 (5th Cir.2006), but instead argues that his conviction involved the use of physical force against a person as an element of the offense.

■ To determine whether a prior conviction constitutes a crime of violence, the Court considers only the statute of conviction, and not the conduct giving rise to the conviction. *United States v. Velasco,* 465 F.3d 633, 638 (5th Cir.2006). Defendant was convicted under 18 U.S.C. § 111, which provided that:

> (a) In general—Whoever—(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service, shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and in all other cases, be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 111 (2000). The Government does not contend, and the Court does not otherwise find, that a violation of this statute necessarily involves "as an element the use, attempted use, or threatened use of physical force against the person of another," as required by the Guidelines' commentary to § 2L1.2. The Fifth Circuit "has defined the 'force' necessary to make an offense a [crime of violence] as synonymous with destructive or violent force." *United States v. Dominguez,* 479 F.3d 345, 348 (5th Cir.2007). As the Government concedes, one who "intimidates" or "interferes" with another person does not necessarily employ the use of such force, and therefore a conviction under § 111 cannot categorically be considered a crime of violence.

■ When a statute contains multiple disjunctive sections, each sufficient to support a conviction under the statute, the Court may look to additional underlying documents in order to narrow the scope of the conviction. *Velasco,* 465 F.3d at 638. This may include the "charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States,* 544 U.S. 13, 31, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). In this case, the Court has considered the indictment and a transcript of Defendant's plea hearing.

The indictment for Defendant's prior conviction charged that she "intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with" a federal agent. The Fifth Circuit has held that a conviction involves the use of physical force against a person as an element of the offense only if the defendant actually intended to use force. *United States v. Vargas–Duran,* 356 F.3d 598, 602 (5th Cir. 2004) (en banc). The Government is correct that by charging that she acted intentionally, the indictment would satisfy this requirement. But by charging each possible means of committing an offense under § 111—forcibly assaulting, resisting, opposing, etc.—the indictment fails to connect Defendant's intent to any particular action.[1] The Court thus cannot determine

---

1. While the indictment charges the various means of committing an offense in the conjunctive, "a disjunctive statute may be pleaded conjunctively and proven disjunctively."

from the indictment alone that Defendant's conviction involved the intentional use of force, as it may instead have been for intentionally intimidating the officer.

The Government also provides the Court with a transcript of the plea hearing in Defendant's prior case, in which Defendant agreed to a factual basis stating that a federal agent "ordered the defendant to get out of the canal. She refused, and at that time a struggle ensued. He indicates he was on [sic] hit on the chest and neck area, but there was no bodily injury as a result of that." The Government argues that Defendant's admitted conduct involved the use of force against the agent, in that Defendant struggled with the agent and then hit him. Arguably, this conduct could be characterized as "forcibly assault[ing]" the agent, which is punishable under § 111. Yet the plea hearing does not speak to the issue of intent. Since Defendant must actually intend to use force, *id.*, the information in the plea colloquy cannot support a finding of a crime of violence.

Finally, the Government asks the Court to consider the indictment and the plea colloquy together. The former satisfies *Vargas–Duran's* requirement of intent, and the latter arguably narrows the conviction to only those actions that involve a use of force. Taken together, the Government argues, the two documents narrow Defendant's conviction to an offense involving as an element the intentional use of force. The Court does not agree. Even accepting that Defendant acted intentionally in committing the offense, and that hitting the agent was a "forcible assault[ ]," the documents fail to connect these two prongs. The factual basis in Defendant's plea also indicated that she

was ordered to get out of the canal but refused to do so—essentially, that she "resisted" or "opposed" the agent. Such conduct also violates § 111, and her conviction could thus be for intentionally resisting or intentionally opposing the agent. Since such actions do not constitute the use of physical force, the Court cannot say that Defendant's conviction categorically involved the intentional use of force, and therefore Defendant's conviction is not a crime of violence eligible for the sixteen-level upward adjustment of § 2L1.2(b)(1)(A)(ii).

---

*United States v. Still,* 102 F.3d 118, 124 (5th Cir.1996). The indictment may charge Defendant with every means of committing the offense, but the actual conviction may still have been for one single alternative.