# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-41604
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS ALBERTO HAGEN-PORRAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-576-2

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Luis Alberto Hagen-Porras appeals his guilty-plea conviction for possession with intent to distribute marijuana. Hagen-Porras contends that the district court abused its discretion in not allowing him to withdraw his plea and that his conviction should be reversed because his plea was not knowing and voluntary. Hagen-Porras insists that he is innocent and that he pleaded guilty under pressure from his trial attorney in the mistaken

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

belief that he was certain to be convicted and certain to receive the ten-year mandatory minimum sentence if he proceeded to trial.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003). When determining whether to allow a defendant to withdraw his guilty plea, the district court should consider if: (1) the defendant asserted his innocence, (2) withdrawal would prejudice the government, (3) the defendant delayed in filing his withdrawal motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. See United States v. Carr, 740 F.2d 339, 343-34 (5th Cir. 1984). The defendant has the burden of establishing a fair and just reason for withdrawing his plea. See United States v. Still, 102 F.3d 118, 124 (5th Cir. 1996). The decision whether to allow a defendant to withdraw a plea is based on the totality of the circumstances. See Powell, 354 F.3d at 370.

In this case, the district court denied Hagen-Porras's motion to withdraw his plea after finding that his plea was knowing and voluntary and that his attorney represented him zealously. Hagen-Porras has not shown that these findings are incorrect. See Still, 102 F.3d at 124. The district court's judgment is, in all respects,
AFFIRMED.