United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2008

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 08-50387
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JASEN GABRIEL CERVANTEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-16-5

Before KING, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jasen Gabriel Cervantez, on December 4, 2007, pleaded guilty to a single count of conspiracy to distribute cocaine. He was advised by the court at the Rule 11 hearing that, among other things, the maximum punishment he faced included 20 years' confinement, and that the court was not bound to sentence within the Sentencing Guidelines. On March 14, 2008, the PSR was prepared. It stated that the conspiracy involved 100 kilograms of cocaine, and calculated the guideline range at 188 to 235 months' confinement (using Criminal History

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Category IV).[1]  No objection to the PSR was filed (Cervantez stated at the sentencing hearing that he had reviewed the PSR with his lawyer).  At his April 14, 2008 sentencing hearing, Cervantez orally moved to withdraw his guilty plea; he asserted that if he was going to be sentenced based on a drug quantity of 100 kilograms, he wished to withdraw his guilty plea.  He stated his lawyer had told him he should not be charged with more than 50 kilograms.  The district court denied the motion and ultimately sentenced Cervantez within the advisory guidelines range to 188 months of imprisonment.  Cervantez now appeals the denial of his motion to withdraw his guilty plea.  His brief in this court admits that "close assistance of counsel was available to him at the time of his plea."

A defendant may withdraw his plea after its acceptance but before the imposition of sentence if he can show "a fair and just reason for requesting the withdrawal."  FED. R. CRIM. P. 11(d)(2)(B).  "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant."  United States v. Still, 102 F.3d 118, 124 (5th Cir. 1996) (citations omitted).  When determining whether to allow a defendant to withdraw his guilty plea, the district court should consider whether: (1) the defendant has asserted his innocence, (2) withdrawal would prejudice the Government, (3) the defendant has delayed in filing his withdrawal motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources.  United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984).  "A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion."  United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003).

---

[1]The statutory sentencing range was the same for 50 kilograms as for 100. 21 U.S.C. § 841(b)(1)(C).

The only reason Cervantez gave for his oral motion to withdraw his plea was his disagreement with the quantity of cocaine attributed to him for sentencing purposes. Cervantez has not asserted his innocence, he did not seek to withdraw his plea until approximately four months after his rearraignment, he pleaded guilty with the assistance of counsel, and his plea was knowing and voluntary. See Carr, 740 F.2d at 343-44; United States v. Washington, 480 F.3d 309, 317 (5th Cir. 2007). We conclude that Cervantez has not shown that the district court abused its discretion by denying his motion to withdraw his guilty plea.

AFFIRMED.