# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40813
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEREK MYLAN ALLDRED,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-105-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Derek Mylan Alldred appeals his guilty plea conviction for two counts of aggravated identity theft and one count of mail fraud. Alldred was sentenced to the statutory maximum of 288 months imprisonment: 24 months on each count of aggravated identity theft and a 240-month term for the mail fraud count. Alldred argues he did not knowingly enter his plea because he was not correctly advised of his maximum sentencing exposure as required by Rule 11

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40813

of the Federal Rules of Criminal Procedure.  According to Alldred, the plea agreement and the magistrate judge incorrectly indicated that the identity theft counts were "grouped" together and carried a maximum of 24 months, not that there were 24-month maximums for each count that could run consecutively.  Alldred contends this renders his plea involuntary and invalid.

Because Alldred did not object, we review for plain error.  *United States v. Vonn*, 535 U.S. 55, 59 (2002); *Puckett v. United States*, 556 U.S. 129, 135 (2009).  To succeed, he must show a clear or obvious error affected his substantial rights and "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (citation omitted).  Under Rule 11, a defendant is entitled to be informed by the district court of "the maximum possible penalty applicable to each count to which the defendant is pleading guilty." *United States v. Still*, 102 F.3d 118, 123 (5th Cir. 1996).  We find it unnecessary to decide if the magistrate judge's explanation was ambiguous, *i.e.*, whether the more reasonable interpretation is that his total possible sentence was 264 months or 288 months.  We instead rely on the point that his substantial rights were affected only if there is "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).  We turn to that issue.

At the sentencing hearing, Alldred stated that he had reviewed and discussed the presentence report (PSR) with his counsel and that he understood the report, which specifically reflected that Count 3 and Count 4 each carried a penalty of a term of imprisonment of 24 months, to run consecutively.  He filed no objections to the stated penalty.  Nor did Alldred or his counsel object during the sentencing after both the district court and the Government repeated that 24 months was the penalty for each of those counts.

No. 18-40813

This court has held that a defendant's knowledge of the correct penalties gained after reviewing the PSR along with the absence of any objections or a motion to withdraw the defendant's guilty plea indicates that any error in the admonishment regarding potential penalties prior to the defendant's plea was not a significant factor in his decision to plead guilty. *See United States v. Alvarado-Casas*, 715 F.3d 945, 955 (5th Cir. 2013). The record as a whole, then, demonstrates there is not a reasonable probability that Alldred would not have pled guilty absent the district court's alleged error. Alldred has failed to demonstrate that his substantial rights were affected and, thus, he has not shown plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.