# United States Court of Appeals for the Fifth Circuit

No. 20-50924

CONSOLIDATED WITH

No. 20-50934

Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2021

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUBEN VAZQUEZ-OVALLE,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-154-1
USDC No. 4:20-CR-131-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50924
c/w No. 20-50934

Ruben Vazquez-Ovalle appeals his conviction for illegal reentry into the United States.[1] He challenges the district court's denial of his motion to dismiss the indictment, arguing that his original removal order was void because the immigration court lacked jurisdiction due to the failure of the notice to appear to specify a date and time for his removal hearing. He concedes that the issue is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490, 498 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2769 (2020), but he wishes to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed by *Pedroza-Rocha* and *Pierre-Paul v. Barr*, 930 F.3d 684, 689–93 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020). Alternatively, the Government requests an extension of time to file its brief.

In *Pedroza-Rocha*, we concluded that the notice to appear was not rendered deficient because it did not specify a date and time for the removal hearing, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that Pedroza-Rocha could not collaterally attack his notice to appear without first exhausting his administrative remedies. 933 F.3d at 496–98. Vazquez-Ovalle's arguments are, as he concedes, foreclosed by *Pedroza-Rocha*. *See id.* Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time

---

[1] Vazquez-Ovalle also filed an appeal from the concomitant revocation of his supervised release. Although the appeals were consolidated, he has abandoned any challenge to his revocation or revocation sentence by failing to brief it on appeal. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996).

2

No. 20-50924
c/w No. 20-50934

to file a brief is DENIED, and the judgments of the district court are AFFIRMED.