# United States Court of Appeals for the Fifth Circuit

No. 21-50528
CONSOLIDATED WITH
No. 21-50560
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 27, 2021

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE CARMEN VAQUERA-SANCHEZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-52-1
USDC No. 4:21-CR-56-1

No. 21-50528
c/w No. 21-50560

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Jose Carmen Vaquera-Sanchez appeals his conviction for illegal reentry after deportation and his within-guidelines sentence of 16 months of imprisonment and three years of supervised release.[1] He argues for the first time on appeal that 8 U.S.C. § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve it for possible Supreme Court review. Agreeing that the issue is foreclosed, the Government has filed a motion for summary affirmance and, in the alternative, a motion for an extension of time to file a brief.

The parties are correct that Vaquera-Sanchez's argument is foreclosed. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Accordingly, the Government's motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary, and the judgments are AFFIRMED.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] Vaquera-Sanchez also appeals from the district court's revocation of his term of supervised release for a prior conviction. He was sentenced to 10 months of imprisonment, to run consecutively to the sentence imposed in his illegal reentry case. Although the appeals were consolidated, Vaquera-Sanchez has failed to brief and therefore abandoned any challenge to the revocation judgment. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996).