# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2022

Lyle W. Cayce
Clerk

No. 21-50994
CONSOLIDATED WITH
No. 21-51007
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NOE DIAZ-DIAZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-447-1
USDC No. 4:21-CR-524-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Noe Diaz-Diaz appeals his conviction and sentence for illegal reentry after deportation, along with the revocation of the term of supervised release

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50994
c/w No. 21-51007

he was serving at the time of the offense.  He has not briefed the validity of the revocation of his supervised release or the 12-month revocation sentence he received and has, therefore, abandoned any challenge to them. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996).

Diaz-Diaz argues that his sentence of 30 months of imprisonment and three years of supervised release exceeded the statutory maximum because the enhanced penalty provisions of 8 U.S.C. § 1326(b) are unconstitutional. He has filed an unopposed motion for summary disposition and a letter brief conceding correctly that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  Diaz-Diaz states that he has raised the issue only to preserve it for possible further review.  Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Diaz-Diaz's motion is GRANTED, and the district court's judgments are AFFIRMED.