**UNITED STATES of America**

v.

**Francisco MERCADO–RETANA, Defendant.**

**No. EP–06–CR–2072–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Dec. 11, 2006.

Kristal Melisa Wade, U.S. Attorney's Office, El Paso, TX, for United States of America.

Orlando Mondragon, Law Office of Orlando Mondragon, El Paso, TX, for Defendant.

### *ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW PLEA*

MARTINEZ, District Judge.

On this day, the Court considered (1) Defendant Francisco Mercado–Retana's "Motion to Withdraw Plea," filed on November 14, 2006; (2) Defendant's "Memorandum in Support of Defendant Francisco

Mercado–Retana's Motion to Withdraw Plea," filed on November 14, 2006; and (3) the Government's "Response to Defendant Francisco Mercado–Retana's Motion to Withdraw Plea," filed on November 27, 2006 in the above-captioned cause. In his Motion, Defendant asks the Court to allow him to withdraw the guilty plea entered in this cause on July 3, 2006. After due consideration, the Court is of the opinion that Defendant's Motion should be granted for the reasons set forth below.

## I. FACTS AND PROCEDURAL HISTORY

On June 14, 2006, the Grand Jury charged Defendant with illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a). On July 3, 2006, Defendant pleaded guilty to the indictment. At the plea hearing, Defendant's counsel informed the Court that Defendant had been previously convicted for illegal re-entry in approximately 1999, and that "he did receive mental health treatment as part of the sentence," but that counsel believed that "he understands the nature of the charges" in this cause. The Court determined that Defendant was competent to enter a guilty plea, and accepted that plea. The Court scheduled a sentencing hearing for September 14, 2006, which it later reset for September 12, 2006. According to the Government, Defendant's counsel received the Presentence Investigation Report ("PSR") on August 10, 2006. On August 18, 2006, Defendant's counsel filed a "Motion to Determine Present Mental Condition of Convicted Defendant." Defendant's counsel indicated to the Court that upon reading the PSR he learned that Defendant had previously been arrested for illegal re-entry on April 10, 2003, but that upon a psychiatric evaluation Defendant was determined to be mentally incompetent due to a diagnosis of psychosis. Defendant's counsel indicated that Defen-

dant does not recall pleading guilty or receiving any medical treatment in connection with that case. Based on that information, the Court granted Defendant's motion on August 24, 2006, and ordered a psychiatric examination of Defendant.

Upon receipt of the ordered psychiatric report, the Court scheduled a mental competency hearing for November 15, 2006. On the day before that hearing, Defendant's counsel filed this Motion, asking that the Court allow Defendant to withdraw his guilty plea on the grounds that he was not mentally competent to enter a plea, and thus his plea was not voluntary. At the November 15, 2006 hearing, the Court found Defendant to be presently mentally incompetent. Defendant was therefore committed to the custody of the Attorney General for a further determination of whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit further proceedings. On November 27, 2006, the Government filed its opposition to Defendant's motion to withdraw his plea.

## II. LEGAL STANDARD

Defendant moves the Court to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d) ("Rule 11(d)"). Rule 11(d) provides that a defendant may withdraw a guilty plea after the court accepts the plea if "the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d). A defendant bears the burden of establishing a fair and just reason for withdrawing a guilty plea. *United States v. Still*, 102 F.3d 118, 124 (5th Cir.1996). The Fifth Circuit has recognized several factors to be considered in applying this standard: (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were

granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*United States v. Carr,* 740 F.2d 339, 343–44 (5th Cir.1984). No single factor or combination of factors mandates a particular result. *Still,* 102 F.3d at 124. Instead, a district court must consider the totality of the circumstances. *United States v. Brewster,* 137 F.3d 853, 858 (5th Cir.1998). In its analysis, the Court need not make a finding as to each of the factors. *United States v. Powell,* 354 F.3d 362, 370 (5th Cir.2003).

In *Carr,* the Fifth Circuit also explained that:

> "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain withdrawal if he believes that he made a bad choice in pleading guilty."

*Carr,* 740 F.2d at 345.

## III. DISCUSSION

Defendant's counsel contends that a fair and just reason for withdrawing Defendant's plea exists, in that "at the time of plea the defendant was not mentally competent to enter a plea and therefore did not understand the full nature of the proceedings as well as the consequences of pleading guilty, and such, his plea was not voluntary." Def.'s Mot. to Withdraw Plea 1. The Government argues that Defendant has "failed to submit any evidence or facts to support his position on any of the seven *Carr* ... factors." Gov't's Opp'n 4. The Government is largely correct: Defendant's Motion provides minimal analysis, and does not directly address the *Carr* factors. But Defendant's argument does speak to the sixth *Carr* factor: whether Defendant's original plea was knowingly and voluntary.

At the time Defendant's plea was entered and accepted by the Court, there was no evidence to suggest that Defendant had previously undergone any extensive psychological evaluation that would call into question his present competence to enter a plea, aside from counsel's indication that Defendant had received medical treatment as a condition of a prior sentence. Defendant's counsel submits that only subsequent to the entry of the plea did he learn of Defendant's additional evaluations and the prior finding of Defendant's incompetence to stand trial, thus leading him to request a psychological examination in this cause. Given this evidence, and the recent determination that Defendant is not presently competent to assist in his own defense, the Court finds reason to question whether Defendant's original plea was knowing and voluntary. *See Matthew v. Johnson,* 201 F.3d 353, 365 (5th Cir.2000) (stating that a knowing and voluntary plea requires that the defendant be competent).

A brief review of the remaining *Carr* factors indicates that withdrawal of Defendant's plea is appropriate. The Government has not alleged that it would suffer any prejudice if Defendant's Motion is granted. Furthermore, the Motion was timely filed, and would not pose a substan-

tial inconvenience to the Court or result in the unnecessary waste of judicial resources. It appears from the circumstances of this case that Defendant's counsel requested a psychological examination as soon as he became aware of the prior competency determination, and filed this Motion to withdraw the plea shortly thereafter.

In addition to opposing Defendant's Motion as failing to provide a fair and just reason for the plea's withdrawal, the Government alternatively contends that the Motion is premature. The Government argues that while the Court has found Defendant to be incompetent based on the psychiatric examination ordered in this cause, "the Defendant has not been finally determined to be incompetent. He has been committed to the United States Bureau of Prisons for a determination of his mental condition. This Motion should be held in abeyance pending the outcome of that examination, and this Court's findings thereafter." Gov't's Opp'n 4–5. While a subsequent determination that the Defendant is presently competent would allow the Court to proceed in this cause, it would not itself resolve the concerns regarding Defendant's competence at the time of his plea hearing. The more prudent approach would be to allow the withdrawal of Defendant's plea. Defendant will remain in the custody of the Attorney General pursuant to the Court's "Order of Commitment Pursuant to 18 U.S.C. § 4241(D)," issued on November 17, 2006. If Defendant is later determined to be competent to proceed, he will then have the ability to enter a guilty plea.[1]

## IV. CONCLUSION

After considering the totality of the circumstances, the Court finds that Defendant has satisfied his burden of showing a fair and just reason for the Court to allow the withdrawal of his guilty plea pursuant to Rule 11(d). Thus, the Court is of the opinion that Defendant's Motion should be granted.

Accordingly, **IT IS ORDERED** that Defendant Francisco Mercado–Retana's "Motion to Withdraw Plea" (Docket No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Francisco Mercado–Retana's guilty plea, entered on July 3, 2006, is **WITHDRAWN**.

---

1. The Court notes that, for purposes of the Speedy Trial Act, the withdrawal of a guilty plea begins a new interval of time in which a defendant must be tried. Defendant "shall be deemed indicted ... on the day the order permitting withdrawal of the plea becomes final." 18 U.S.C. § 3161(i). *See also United States v. Marks*, 209 F.3d 577, 585 (6th Cir. 2000) (calculating time period from the date the defendants withdrew their guilty pleas).