IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-30572
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHARLES M TEAL

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CR-250-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Charles M. Teal was charged with being a felon in possession of a firearm. Teal pleaded guilty pursuant to a plea agreement in which he waived his right to appeal except, in pertinent part, in the case of a sentence imposed as a result of an upward departure or a sentence above the guidelines range calculated by the district court. The district court upwardly departed two levels in selecting Teal's 41 month sentence, finding that Teal's criminal history included "a history

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of fleeing the police" and that he had thereby endangered the lives of marshals and innocent citizens.

Teal argues on appeal that he was wrongly denied a sentencing reduction for acceptance of responsibility. The Government argues that appeal of this issue is precluded by the appeal waiver in Teal's plea agreement, which Teal does not argue was entered involuntarily or was breached by the Government.

A knowing and voluntary appeal waiver reserving the right to appeal in cases of an upward departure does not preserve an appeal of the district court's finding of facts that relate to the district court's calculation of a defendant's guidelines range of imprisonment. See United States v. McKinney, 406 F.3d 744, 746-47 (5th Cir. 2005); see also United States v. Gaitan, 171 F.3d 222, 223-24 (5th Cir. 1999) (noting the different effects of such a waiver provision on upward adjustments and upward departures). At Teal's rearraignment, the district court summarized the terms of the appeal waiver and verified that Teal understood its terms. Because the waiver was both knowing and voluntary and there is no evidence in the record suggesting that the Government breached the plea agreement, Teal is bound by the waiver. See United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002).

Teal also argues that the district court's decision to upwardly depart to reach his 41-month sentence in unreasonable. He argues that his history of flight from police was already considered in determining the guideline range of imprisonment and was not present to such an exceptional degree so as to remove his case from the heartland of similar cases.

This court reviews sentences for reasonableness. The reasonableness review of an upward departure employs an abuse-of-discretion standard. United States v. Saldana, 427 F.3d 298, 308 (5th Cir. 2005); see also Gall v. United States, 128 S. Ct. 586, 591 (2007). A sentencing court does not abuse its discretion in deciding to upwardly depart when its reasons for doing so advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and are justified by the facts of

the case.  United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir.), cert. denied, 126 S. Ct. 2954 (2006).

The district court did not improperly calculate the guidelines range or treat the Guidelines as mandatory, and it considered the § 3553(a) factors. Although Teal argues that the district court gave too much weight to his history and characteristics when it considered the § 3553 factors, the Supreme Court has made clear that "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  Gall, 128 S. Ct. at 597.  The district court's reasons for upwardly departing advance the objectives set forth in § 3553(a)(2) and  are justified by the fact that Teal has attempted to flee from police prior to each of his arrests that resulted in convictions and from the marshal who was attempting to serve the arrest warrant for the instant conviction.  The decision to upwardly depart was therefore not an abuse of discretion.  See Zuniga-Peralta, 442 F.3d at 347.  Teal's unopposed motion to file his reply brief out of time is granted.

AFFIRMED; MOTION GRANTED.