# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50735
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DEYONTA THOMPSON, also known as Wezz Fresh, also known as Doe Boy,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2420-3

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Deyonta Thompson challenges his guilty-plea conviction and 186-month sentence for conspiracy to violate certain forced-labor and sex-trafficking laws, in violation of 18 U.S.C. §§ 1589 & 1594, respectively. Regarding his conviction, Thompson maintains: the factual basis as to the forced-labor charge was insufficient to support a conviction; and the court violated Federal Rule of Criminal Procedure 11 by failing to correctly inform him of the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

statutory maximum punishment for a violation of that offense.  Regarding his sentence, he presents several issues, despite the waiver in his written plea agreement precluding such challenges.

Thompson did not raise these issues in district court; accordingly, review is for plain error, except as to the effect of the waiver.  *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under plain-error review, Thompson must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Thompson's challenge to the factual basis supporting the forced-labor charge fails.  Both the written factual basis and the factual basis presented at the re-arraignment hearing set forth the elements of the charge.  *E.g., Broussard*, 669 F.3d at 546.  Furthermore, Thompson admitted the facts stated in the factual basis are true.  There is no clear or obvious error.

The same is true for the claim that the guilty plea is invalid because the court did not properly inform him of the maximum possible sentence.  Given the specificity of the plea agreement and the superseding indictment, the lengthy factual basis supporting his guilty plea, and Thompson's "[s]olemn declarations in open court" that he understood the charges against him and the consequences of pleading guilty, *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (citations omitted), Thompson cannot demonstrate a reasonable probability that, but for any Rule 11 errors, he would not have pleaded guilty.  *United States v. Dominguez*, 542 U.S. 74, 83 (2004).

For the challenges to the sentence, the Government urges they are barred by the appellate waiver in the plea agreement.  The waiver is valid

because the record demonstrates Thompson understood the terms of the agreement and did not ask clarifying questions or express any confusion concerning the waiver provision. *E.g., United States v. Higgins*, 739 F.3d 733, 736-37 (5th Cir.), *cert. denied*, 134 S. Ct. 2319 (2014) (citations omitted). Thompson is bound by his knowing-and-voluntary waiver of appeal unless the Government breached the plea agreement. *E.g., United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002); *see also United States v. Teal*, 269 F. App'x 468, 468 (5th Cir. 2008). Thompson, however, does not contend the Government breached the terms of the plea agreement and, thus, has abandoned any such claim on appeal. *E.g., United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996). Accordingly, Thompson has waived review of his sentencing. *E.g., id.*

AFFIRMED.