# United States Court of Appeals for the Fifth Circuit

No. 21-50099
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 19, 2021

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FERNANDO DIAZ,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 21-50100

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FERNANDO DIAZ-ARROYO,

*Defendant—Appellant*.

No. 21-50099
c/w No. 21-50100

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-343-1
USDC No. 4:20-CR-376-1

---

Before WIENER, DENNIS, and HAYNES, *Circuit Judges.*

PER CURIAM:[*]

Fernando Diaz-Arroyo appeals his conviction for illegal reentry after deportation and his within-guidelines sentence of 30 months of imprisonment and three years of supervised release.[1] He argues for the first time on appeal that 8 U.S.C. § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve it for possible Supreme Court review. Agreeing that the issue is foreclosed, the Government has filed an unopposed motion for summary affirmance and, in the alternative, a motion for an extension of time to file a brief.

The parties are correct that Diaz-Arroyo's argument is foreclosed. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States*

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] Diaz-Arroyo also appeals from the district court's revocation of his term of supervised release for a prior conviction. He was sentenced to 11 months of imprisonment, to run consecutively to the sentence imposed in his illegal reentry case. Although the appeals were consolidated, Diaz-Arroyo has failed to brief and therefore abandoned any challenge to the revocation judgment. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996).

No. 21-50099
c/w No. 21-50100

*v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Accordingly, the Government's unopposed motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's alternative motion for an extension of time to file a brief is DENIED as moot, and the judgments are AFFIRMED.