# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 23, 2021

Lyle W. Cayce
Clerk

No. 21-50400
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SERGIO ALBERTO ARZATE-GAMEROZ,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 21-50414

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SERGIO ARZATE-GAMEROS,

*Defendant—Appellant*.

No. 21-50400
c/w No. 21-50414

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-566-1
USDC No. 7:20-CR-61-1

---

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Sergio Alberto Arzate-Gameroz pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326, and was sentenced to 16 months of imprisonment, followed by a three-year term of supervised release. At the time of this new offense, Arzate-Gameroz was serving a term of supervised release from a prior conviction. Based on his new offense, his supervised release was revoked, and he was sentenced to a consecutive term of 10 months of imprisonment. On appeal, Arzate-Gameroz makes no argument challenging the revocation of his supervised release or the sentence imposed upon revocation; thus, he has abandoned any challenge to that judgment. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996).

With respect to his new illegal reentry sentence, Arzate-Gameroz asserts, for the first time on appeal, that the sentencing enhancement in § 1326(b) is unconstitutional because it increases the statutory maximum sentence based on the fact of a prior felony conviction neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He concedes that his challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review. The

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

2

No. 21-50400
c/w No. 21-50414

Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed and requesting, in the alternative, an extension of time to file a brief.

As the Government argues, and Arzate-Gameroz concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Because the issue is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary.