# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2023

Lyle W. Cayce
Clerk

No. 22-40793
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Luna,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-792-1

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jose Luna pleaded guilty to conspiracy to transport undocumented aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(v)(I), and was sentenced to 12 months of imprisonment, followed by a three-year term of supervised release, and ordered to pay a $150,000 fine. For the first time on appeal, he challenges the above-guidelines fine, urging that it was

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

substantively unreasonable because the district court gave significant weight to irrelevant and improper factors, including his socioeconomic status and a prior arrest not resulting in a conviction. Luna also complains that the district court wholly failed to consider the factors appliable under U.S.S.G. § 5E1.2 and 18 U.S.C. § 3572.

Because Luna did not object to the fine at sentencing, this court's review is limited to plain error. *See United States v. Brantley,* 537 F.3d 347, 351 (5th Cir. 2008). To establish plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 134-35 (2009). If he makes such a showing, this court has discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record reflects that the district court considered the advisory guidelines fine range, the statutory maximum fine, the § 3553(a) factors, the facts set forth in the Presentence Report (PSR), Luna's arguments in mitigation of sentence, and the Government's request for an above-guidelines fine. Inasmuch as Luna asserts that the district court impermissibly relied on his socioeconomic status to impose an above-guidelines fine, his argument is not well-taken. The district court's comments indicate that it did not consider Luna's financial status in imposing the fine but considered the financial motivation or lack thereof as part of the nature and circumstances of Luna's offense, as well as the need for the sentence imposed to promote respect for the law, just punishment, and adequate deterrence, all proper considerations. *See* 18 U.S.C. §§ 3553(a)(1), (A)(2)(A); U.S.S.G. § 5E1.2(d); *see also Puckett*, 556 U.S. at 135.

To the extent that Luna contends that the district court erred in failing to explain its specific consideration of the factors set forth in § 3572 and

§ 5E1.2(d), the argument is similarly unavailing. Because the PSR did not recommend against imposing a fine, it did not trigger any requirement that the district court make express findings regarding the fine. *See Brantley*, 537 F.3d at 351-52; *see also United States v. Voda,* 994 F.2d 149, 155 n. 14 (5th Cir. 1993). Implicit in the district court's adoption of the PSR and imposition of a fine was its consideration of Luna's ability to pay, based on his financial resources, as is required by both § 3572 and § 5E1.2(d). Luna does not now affirmatively assert that he cannot pay the fine. Rather, he complains that the district court failed to consider his "full financial picture," including numerous debts he failed to disclose to the Probation Officer prior to the preparation of the PSR, which he now urges show that the fine imposed was excessive. When denying Luna's postjudgment motions raising the same argument as untimely and unauthorized, the district court refused to consider this evidence, and we will not do so for the first time on appeal. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Luna additionally argues that the district court impermissibly considered his "bare arrest record" when it varied upwardly from the guidelines fine range, citing *United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011). Even assuming arguendo that the district court clearly or obviously erred in referencing Luna's prior arrest, Luna fails to demonstrate that any such error amounted to reversible plain error. Although he conclusionally asserts that the error affected his substantial rights, Luna abandons by failing to brief any argument demonstrating that, but for the district court's reference to or reliance on his prior arrest, he would have received a lesser fine. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986); *see also Puckett*, 556 U.S. at 135; *United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009). Even had he briefed the argument, it would be unavailing given the other proper considerations on which the district court relied to impose

an above-guidelines fine and given Luna's failure to demonstrate an inability to pay.  *See* §§ 3553(a)(1), (A)(2)(A); § 5E1.2(d); *Mondragon-Santiago*, 564 F.3d at 364; *see also See United States v. McElwee*, 646 F.3d 328, 339-40 (5th Cir. 2011).

Moreover, Luna makes no attempt to meet the fourth prong of plain error review.  *See United States v. Cabello*, 33 F.4th 281, 285 (5th Cir. 2022); *see also Still*, 102 F.3d at 122 n.7; *Beasley*, 798 F.2d at 118.  This court has refused to correct plain errors "when, as here, the complaining party makes no showing as to the fourth prong." *United States v. Caravayo*, 809 F.3d 269, 273-74 (5th Cir. 2015) (internal quotation marks and citation omitted).

For the foregoing reasons, the district court's judgment is AFFIRMED.