# United States Court of Appeals for the Fifth Circuit

No. 23-60211
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gregory Jamal Williams,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CR-147-1

Before Haynes, Graves, and Higginson, *Circuit Judges*.
Per Curiam:[*]

Following his guilty plea conviction on multiple drug-trafficking charges, Gregory Jamal Williams was sentenced within the guidelines range to 360 months of imprisonment. On appeal, he contends that the sentencing enhancements he received for importation of methamphetamine, pursuant to U.S.S.G. § 2D1.1(b)(5), and for being a manager or supervisor, pursuant to

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60211

U.S.S.G. § 3B1.1(b), were error. He also contends that the district court erred in refusing to depart downwardly based on § 2D1.1's harsher treatment of "ice" as compared to actual methamphetamine, which treatment he asserts lacks an empirical basis and results in unwanted sentencing disparities.

Williams briefs no argument challenging the district court's assessment of a two-level enhancement for possessing a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), and he likewise briefs no argument challenging the district court's drug-quantity calculations under the methamphetamine Guideline. Accordingly, he has abandoned any such challenge. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Although he additionally asserts that the district court violated his due process rights, his right to the effective assistance of counsel, and his Eighth Amendment rights by basing his sentence on "ice" rather than actual methamphetamine, the arguments are wholly conclusional and inadequately briefed and thus will not be considered. *See* Fed. R. App. P. 28(a)(8)(A); *United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *see also Beasley*, 798 F.2d at 118.

Inasmuch as Williams contends that the importation enhancement is error because the Government did not present direct evidence that the drugs he sold in fact came from a Mexican source or that he knew that they were imported, the argument is patently incorrect. *See United States v. Arayatanon*, 980 F.3d 444, 452 (5th Cir. 2020) (upholding importation enhancement based on circumstantial evidence). Special Agent Rayner's testimony at sentencing provided sufficient proof of strong indicators that the drugs involved in the offense came from Mexico, including testimony that the high purity, high volume, low cost, and unvarying color and quality of the drugs were consistent with the large-scale production of methamphetamine in Mexico, which testimony was corroborated by the DEA reports the

No. 23-60211

Government had submitted prior to sentencing.  Special Agent Rayner also presented proof that Williams and his girlfriend had traveled from Jackson, Mississippi, to the border town of El Paso, indicating a nexus to Mexican supply, and he further explained that Williams had ventured into the sale of fentanyl-laced heroin, a practice promoted by Mexican drug cartels.

Williams briefs no argument challenging the district court's reliance on this evidence to support a plausible inference of importation, and he specifically fails to demonstrate that the Government's evidence was inaccurate or untrue.  *See United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015); *see also Still*, 102 F.3d at 122 n.7; *Beasley*, 798 F.2d at 118. Given Special Agent Rayner's testimony, the district court's finding of importation is plausible in light of the record as a whole, and this court will therefore uphold the § 2D1.1(b)(5) enhancement.  *See United States v. Brune*, 991 F.3d 652, 667 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 755 (2022); *Arayatanon*, 980 F.3d at 452; *United States v. Rico*, 864 F.3d 381, 383 (5th Cir. 2017).

Next, Williams challenges the district court's assessment of a three-level enhancement for his role in the offense.  He urges that he was a mere participant in the drug-trafficking conspiracy and that did not set prices or direct transactions and thus was not a manager or supervisor for purposes of § 3B1.1(b).

These conclusional assertions are directly refuted by the record, specifically Special Agent Rayner's testimony that, in four controlled purchases with a confidential informant (CI), Williams directly negotiated the terms of the sale, including the quantity, type, and price of the drugs, dictated the places where the transactions would occur, and commanded others, including his son, to deliver the drugs to the CI.  Given this unrebutted evidence, *see United States v. Parker*, 133 F.3d 322, 329 (5th Cir.

No. 23-60211

1998), the district court did not clearly err in finding that Williams exercised supervisory or managerial responsibility, and this court must similarly uphold the § 3B1.1(b) enhancement. *United States v. Ochoa-Gomez*, 777 F.3d 278, 281-83 (5th Cir. 2015).

Although Williams's argument that § 2D1.1 is not empirically grounded and results in unwarranted sentencing disparities implicates the substantive reasonableness of his sentence, his arguments are insufficient to rebut the presumption of reasonableness afforded his within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Whatever appropriate deviations it may permit or encourage at the discretion of the district judge, "*Kimbrough* does not force district or appellate courts into a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines." *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009) (citing *Kimbrough v. United States*, 552 U.S. 85, 109 (2007)). Additionally, *Kimbrough* does not disturb the presumption of reasonableness given to his within-guidelines sentence "even if the relevant Guideline is not empirically based." *United States v. Lara*, 23 F.4th 459, 485 (5th Cir.) (citing *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009)), *cert. denied*, 142 S. Ct. 2790 (2022). The district court considered Williams's argument that there is no empirical basis for the methamphetamine guideline's purity-distinctions but declined to deviate from the Guidelines on that basis. Accordingly, Williams fails to demonstrate that his sentence is substantively unreasonable. *See Lara*, 23 F.4th at 485-86; *United States v. Rebulloza*, 16 F.4th 480, 485 (5th Cir. 2021).

To the extent that Williams argues that the application of the Guideline results in unwarranted sentencing disparities, that argument, too, is insufficient to rebut the presumption of reasonableness afforded his within-guidelines sentence. "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

No. 23-60211

conduct," is a factor that district courts must consider in fashioning a sentence, *see* 18 U.S.C. § 3553(a)(6), and the district court in this case expressly considered that factor, concluding that a downward variance would in fact result in a sentencing disparity with Williams's codefendant son, whose sentence had already been calculated under the same Guideline. The record shows that the district court considered Williams's arguments for leniency, along with all of the § 3553(a) factors, in imposing sentence. Williams does not argue, and the record does not reflect, that his sentence fails to account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See Cooks*, 589 F.3d at 186.

Accordingly, the district court's judgment is AFFIRMED.