# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 22-50798
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAMON UMBERTO CORTEZ-RODRIGUEZ,

*Defendant—Appellant*,

CONSOLIDATED WITH

―――――――――

No. 22-50801

―――――――――

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAMON HUMBERTO CORTEZ-RODRIGUEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 4:18-CR-910-1, 4:22-CR-90-1

---

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Ramon Humberto Cortez-Rodriguez appeals the 96-month sentence he received following his guilty plea conviction for illegal reentry. Although he also appealed the revocation of his supervised release and the consecutive 14-month sentence imposed following revocation, he has abandoned any challenge to his revocation or revocation sentence by failing to brief it. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

Cortez-Rodriguez argues that the district court's application of a two-level sentencing enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 was error because the district court failed to make the requisite findings to support its application. He asserts that the Presentence Report's (PSR) finding that his testimony was untruthful and intended to mislead the jury was conclusional, that it did not identify any specific perjured testimony, and that the jury's guilty verdict does not automatically equate to a finding of perjury. Cortez further complains that the district court's general finding that he testified untruthfully was insufficient to encompass the necessary findings underlying a perjury determination as the court never specifically found that he willfully lied about a material matter, and he urges that it is not obvious from the record what the court believed he had lied about.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

We assume without deciding that Cortez-Rodriguez's objection to the obstruction enhancement was sufficient to preserve his appellate arguments and thus that the district court's finding of obstruction is reviewed for clear error. *United States v. Mora-Carrillo*, 80 F.4th 712, 716 (5th Cir. 2023); *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020). "Where, as here, the finding hinges on the credibility of a witness, the district court's determination is given particular deference." *Mora-Carrillo*, 80 F.4th at 716 (internal quotation marks and citation omitted).

Although the district court did not make a specific finding of willfulness, it adopted the PSR, which made such a finding. *See Mora-Carrillo,* 80 F.4th at 717; *see also United States v. Perez-Solis*, 709 F.3d 453, 470 (5th Cir. 2013); *United States v. Miller*, 607 F.3d 144, 152 (5th Cir. 2010). Additionally, the materiality of Cortez-Rodriguez's untruthful testimony is obvious from the record. *See Mora-Carrillo,* 80 F.4th at 717. The district court disbelieved his testimony that he returned to the United States because he feared for his life in Mexico after his brother had been killed in 2008 and he had been stabbed in 2016 and that he did not tell arresting officers about his fear at the time of his arrest because he had told immigration officials about his fear at the time of his 2018 apprehension and those officials did nothing. His testimony that he previously told immigration officials about his fear and that the officials failed to act was refuted by the records and testimony the Government provided in rebuttal, which showed that he told immigration officials in 2018 that he had no fear of returning to Mexico and that he entered the United States to find work. Cortez-Rodriguez's untruthful testimony was material, as it was designed to establish or bolster a duress defense and to show his lack of intent to enter the United States illegally. *See United States v. Cabral-Castillo*, 35 F.3d 182, 187 (5th Cir. 1994); *see also Perez-Solis*, 709 F.3d at 470. Accordingly, the district court's obstruction finding encompassed the requisite factual predicates for a finding

of perjury, and the enhancement will be upheld.  *See United States v. Dunnigan*, 507 U.S. 87, 95 (1993); *Mora-Carrillo,* 80 F.4th at 717.

Cortez-Rodriguez also challenges the constitutionality of 8 U.S.C. § 1326(b) in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  As he concedes, that argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

AFFIRMED.